UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 05-431 (RJL) |
| v. : | |
| AKAI D. WEAVER, : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of the sentencing of defendant Akia D. Weaver.

I.  **FACTUAL BACKGROUND**

On January 18, 2006, defendant Akai D. Weaver pled guilty to a one-count information charging her with misdemeanor Bank Embezzlement, in violation of 18 U.S.C. § 656.

As set forth in the signed Statement of Offense, on July 6, 2004, while working as a teller for Wachovia Bank located at 502 23rd Street in Northwest, Washington, D.C., Ms. Weaver embezzled $1,980 from Wachovia Bank. Ms. Weaver took this amount in cash from her teller drawer at the bank. Thereafter, she placed the cash in her purse, and carried the money out of the bank. Ms. Weaver used the money that she embezzled from the bank for her own benefit, and has not made any restitution to Wachovia Bank.

On July 16, 2004, Ms. Weaver was interviewed by Wachovia Bank security investigators and confessed to the embezzlement both orally and in writing. Thereafter, on April 28, 2005, Special Agents with the FBI also interviewed Ms. Weaver, and again Ms. Weaver confessed to the embezzlement.

II. **UNITED STATES SENTENCING GUIDELINES AND THE IMPACT OF BOOKER**

The probation officer believes, and the United States concurs, that under the applicable advisory United States Sentencing Guidelines, the defendant's total offense level is four and her criminal history category I, with an attendant guideline range of zero to six months imprisonment.  PSR, at page 10, ¶ 52.  According to the Presentence report, the defendant presently falls within Zone A of the Sentencing Table.  Id., at ¶ 58.

There are no facts involved in the calculation of the defendant's sentence under the United States Sentencing Guidelines that were not admitted by her in her guilty plea.  Accordingly, no Sixth Amendment concerns arise in the calculation of her Guidelines sentence.  Although the Supreme Court held this year in United States v. Booker, 125 S. Ct. 738 (2005), that the Sentencing Guidelines are no longer mandatory, for the reasons set forth below, the government contends that the appropriate sentence of defendant in this case is one within the range of zero to six months, and as agreed to in the plea agreement, the government recommends that the defendant be sentenced within that range.

In Booker, the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violated the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004) and consequently invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1).  Booker, 125 S. Ct. at 764.  The remaining statutory scheme, set forth in Title 18, United States Code, Section 3553(a), states that a court should consider the following factors in imposing a sentence on a criminal defendant:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the range established for the conduct under the Guidelines;

(5) the policies promulgated by the Sentencing Commission;

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Although it invalidated the mandatory obligation of the Sentencing Guidelines, the Booker Court did not invalidate the Guidelines in their entirety. Rather, the Booker Court upheld the remainder of the Guidelines as an appropriate benchmark for courts to look to in determining a reasonable sentence for the defendant before it. Booker, 125 S. Ct at 764-65 ( "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."). The statutory obligation remains for a court wishing to impose a sentence outside the applicable range to state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that prescribed by the Guidelines. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by an

appeals court for "reasonableness." Booker, 125 S. Ct. at 764-66.

Accordingly, a sentence within the Guidelines will, in most, if not all, cases be inherently reasonable and will have adequately taken into account each of the factors enumerated in Section 3553(a). Indeed, the Sentencing Commission formulated the Guidelines only after canvassing prior sentencing practices and identifying and assigning weights to all of the factors – both aggravating and mitigating – that judges traditionally used in determining an appropriate sentence. See United States Sentencing Comm'n, Supplementary Report on the Initial Guidelines and Policy Statements 16-17 (1987); see also 28 U.S.C. 994(m) (requiring the Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In light of the Booker Court's continued reliance on the Guidelines, and its history in the calculation of the applicable ranges, the government contends that, absent unusual circumstances under one of the other Section 3553(a) factors, a defendant's sentence should fall within the guidelines range as determined by this Court.

### III.  RELEVANT SENTENCING FACTORS UNDER SECTION 3553(a)

After considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that defendant receive a sentence of incarceration within the guidelines range. Moreover, the government recommends that the Court impose a period of supervised release with a condition that defendant not seek or obtain employment with a financial institution, that she not have access to a future employer's cash register or cash assets, and that she have no other financial

responsibilities for any future employer. Finally, defendant should be required to make full restitution to Wachovia Bank.

In support of its recommendation of incarceration, the government notes that defendant has a prior criminal history which includes a 2003 conviction in Arlington County, Virginia for embezzlement. Notably, the nature and circumstances of that offense are strikingly similar to the offense she committed in this case. Namely, defendant was placed in a position of trust by an employer and violated that trust by stealing cash from her employer.

A sentence of incarceration would also promote respect for the law, and may provide better deterrence for future criminal conduct by defendant. Defendant was clearly given a break the last time that she stole money from her employer. Rather than impose a period of incarceration, the court in Virginia suspended defendant's sentence. Defendant promptly squandered this opportunity, and repaid the Virginia court for its leniency by committing a new crime against a new employer. It appears that more drastic action now needs to be taken against defendant to deter her from victimizing future employers.

In an effort to protect the public, and more specifically defendant's future employers, from further theft by defendant, the government also respectfully requests that the Court impose a condition of supervised release that bars defendant from having access to a future employer's cash register or other cash assets, and from handling any other financial responsibilities on behalf of any future employer. Finally, the government respectfully requests that the Court order defendant to make full restitution to Wachovia Bank in the amount of $1,980.

For all of the foregoing reasons, the government respectfully recommends that this Court impose a sentence of incarceration within the guidelines range of zero to six months as set forth

above, in the Presentence Report, and in the plea agreement.

                                                  Respectfully submitted,

                                                  KENNETH C. WAINSTEIN
                                                  UNITED STATES ATTORNEY
                                                  D.C. BAR # 451058

By:      _____
          DAVID CAREY WOLL, JR.
          D.C. BAR # 452454
          ASSISTANT U.S. ATTORNEY
          555 4th Street, N.W.
          Washington, D.C. 20530
          (202) 514-4250