UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 05-431 (RJL) |
| | : | |
| AKAI D. WEAVER, | : | |
| | : | |
| Defendant | : | |

### SENTENCING MEMORANDUM

On January 18, 2006, Ms. Akai Weaver, the defendant, pled guilty to a one-count Superceding Information charging her with Bank Embezzlement, in violation of 18 U.S.C. § 656 (misdemeanor). She will appear before this Honorable Court for sentencing on April 7, 2006. Ms. Weaver, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

### Background

Ms. Weaver grew-up in the Washington, D.C. metropolitan area where she has lived with her mother, grandmother, and sister. Ms. Weaver had limited contact with her father growing up and as a result her mother was the primary provider to Ms. Weaver and her siblings. Ms. Weaver has faced many challenges in her life - from witnessing the shooting of her half-sister's father in the front yard of her home to dealing with the murder of her fiancé.

In addition to the emotional struggles Ms. Weaver has faced, she has positively addressed her use of alcohol. In an effort to deal with the stress and loss of her fiancé as well as a miscarriage in 2003, Ms. Weaver began to drink heavily. At times, Ms. Weaver drank on the job and unfortunately placed herself in situations that were not in her best interest. However, due to unfortunate events which will be better articulated at her sentencing, Ms. Weaver has now

maintained her sobriety since 2004 and no longer consumes alcohol. These unfortunate events were also the catalyst for her actions in the instant case.

In addition to her overcoming her dependency on alcohol, Ms. Weaver has a strong drive to succeed academically and professionally. She obtained a college degree from George Washington University in 2004 whereby she received a bachelor of science in sport medicine. Further, Ms. Weaver has recently enrolled in the evening division of the SANZ School whereby she will be working towards an associate degree in medical offices management. In addition to attending night school, Ms. Weaver has been working full-time at Panera Bread in Arlington, Virginia. As a reward for her good work, she was recently promoted at Panera Bread to assist in the catering department. Further, as stated in the Pre-Sentence Report, Ms. Weavers has maintained a variety of employment since the age of eighteen.

## **Argument**

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 0 to 6 months within Zone A. There are no disputes to this calculation. Accordingly, a sentence of probation is authorized pursuant to U.S.S.G. § 5B1.1(a)(1). Therefore, Ms. Weaver requests that she be given a sentence of probation.

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Ms. Weaver's request that she be sentenced to a term of probation. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The

nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation would be warranted in this matter, and that a sentence of imprisonment within the Guideline range would be greater than necessary to meet the sentencing purposes set

forth in § 3553(a)(2). The Court should consider Ms. Weaver's family history, educational pursuits, work history, minimal criminal history, her candid admissions regarding the instant offense, as well as various emotional challenges that Ms. Weaver has faced in her life. Further, the Court should consider the sum of restitution in this case - almost $2,000.00. If Ms. Weaver is given a term of incarceration she will be unable to provide restitution to Wachovia Bank in a timely fashion - if at all. The need to provide restitution to Wachovia Bank - the victim in this case - shall be considered by this Court pursuant to § 3553 (a)(7) in determining an appropriate sentence for Ms. Weaver.

Sentencing Ms. Weaver to a term of probation is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Weaver with needed educational or vocational training and medical care" while also allowing Ms. Weaver to repay Wachovia Bank for her wrongdoing. See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Weaver respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500